**WHITTON OIL & GAS CO. v. TRAPSHOOTER DEVELOPMENT CO. et al.  (No. 9745.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 29, 1927.)

Partnership &#8660;64—Failure of partnership to record trade-name as required by statute does not make its contract void nor prevent suit for breach (Rev. St. 1925, art. 5924).

    Partnership doing business under trade-name, which was not recorded as required by Rev. St. 1925, art. 5924, may sue for breach of contract executed by it under such name, since failure to comply with statute does not make contract void.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Action by the Whitton Oil & Gas Company against the Trapshooter Development Company and others. From a judgment sustaining a plea in abatement and dismissing the

———————

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

suit, plaintiff appeals. Reversed and remanded, with instructions.

A. A. Dawson, of Canton, and Bulloch & Ramey, of Tyler, for appellant.

JONES, C. J. Suit was filed in the district court of Van Zandt county by appellants, Whitton Oil & Gas Company, an unincorporated association or copartnership composed of A. D. Mathews, J. V. Greer, A. Cooper, W. D. Eads, and S. A. Jordan, appellants, against the Trapshooter Development Company, an unincorporated trust association, E. A. Riley, trustee of said company, and against Riley individually, appellees, for the purpose of recovering damages for an alleged breach of contract between the parties. From a judgment sustaining a plea in abatement filed by appellees and dismissing the suit the appeal is duly prosecuted.

It is shown by the verified plea in abatement and by evidence that appellant is a copartnership, doing business under the name of Whitton Oil & Gas Company, and that the contract entered into between the parties was executed by appellant under this trade-name, and that appellant had not conformed to the provision of article 5924, Revised Statutes 1925, in reference to recording the names composing the said co-partnership. Appellees contended in the court below that because of this failure to conform to said statute, the contract entered into was void and appellant could not maintain a suit in a state court because of its breach. The trial court took this view of the case, sustained the plea in abatement, and dismissed the suit. This was error. Since the rendition of this judgment, the Commission of Appeals, in the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 136, construed this statute as not susceptible to such construction, and under such authority this case must be reversed and remanded, with instructions to the district court to reinstate this cause so that same may be tried on its merits.

Reversed and remanded, with instructions.